### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| **ESTHER BILLIARD** | **CIVIL ACTION: 5:22-cv-766** |
| **VERSUS** | **JUDGE:** |
| **CHARLES WILLIAMS, THE PHOENIX INSURANCE COMPANY, AND BLAZER SERVICES, LLC** | **MAGISTRATE JUDGE:** |

### NOTICE OF REMOVAL

NOW INTO COURT comes defendants, **CHARLES WILLIAMS, THE PHOENIX INSURANCE COMPANY AND BLAZER SERVICES, LLC**, who file this Notice of Removal of this cause from the 1st Judicial District Court, Parish of Caddo, State of Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana, Shreveport. This removal is predicated upon the fact that there is diversity of citizenship between the parties in this litigation and the amount in controversy exceeds the federal jurisdictional amount, exclusive of interest and costs.

1. This case was commenced in the 1st Judicial District Court, Parish of Caddo, State of Louisiana, with citation and plaintiff's petition for damages setting forth the claim for relief upon which this action is based. Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings and all orders of the court in the state action are attached hereto. Exhibit "1" *in globo.*

2. This action is one of a civil nature for alleged personal injury.

3. Upon information and belief, the plaintiff is a citizen of the State of Louisiana and domiciled in Caddo Parish, as alleged in the petition.

4. Blazer Services, LLC is a foreign limited liability corporation, incorporated in the State of Texas, whose principal place of business is 1537 Northeast Loop,

       Carthage, Texas 75633, and whose sole member is Dustin Powell, who is a resident of and domiciled in the State of Texas, who declares his domicile and address to be 901 NE Loop, Carthage, Texas 75633.

5. Charles Williams is a citizen of the State of Texas, County of Panola, and whose domicile is declared to be 152 County Road 214, Beckville, Texas 75631.

6. The Phoenix Insurance company is a foreign corporation, incorporated in the State of Connecticut with its principal place of business located at One Tower Square, Hartford, Connecticut 06183, and is wholly owned by its parent corporation, The Travelers Companies, Inc. that is incorporated in Connecticut with its principal place of business located at, One Tower Square, Hartford, Connecticut 06183.

7. Upon information and belief, defendant, Charles Williams was served via long arm service on February 2, 2022.  Upon information and belief, defendant, Blazer Services, LLC was served long arm service on February 22, 2022.  Upon information and belief, defendant, The Phoenix Insurance Company was served through the Louisiana Secretary of State on February 2, 2022.  All defendants consent to removal.

8. The above described action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. 1332, in that plaintiffs' counsel has pled in Paragraph 11 of the Petition for Damages, that plaintiff, Esther Billiard, suffered serious physical pain, suffering and anguish, mental anguish, loss of enjoyment of life, Loss of social and recreational activity, medical expenses, inconvenience, lost wages, and loss of future earning capacity.

9. Plaintiff's petition failed to meet the requirements of Article, therefore, an Exception of Vagueness, Ambiguity and Non-Conformity of Petition was filed with the 1st JDC,

Parish of Caddo. (*See attached Exhibit 3*). On March 16, 2022, Plaintiff's counsel provided a statement and medical records with a spine surgery recommendation showing plaintiff maintains the amount in controversy for plaintiff's claim does exceed $75,000 (*See attached Exhibit 2*). Plaintiff's counsel maintains: "[a]s a direct result of the subject wreck, Ms. Billiard has suffered constant pain in her neck with pain and numbness radiating down through her left arm and into her hand. Ms. Billiard completed physical therapy, but her symptoms persisted. She has been treating with Dr. Milan Mody at the Orthopaedic Clinic in Shreveport who has stated Ms. Billiard is a candidate for ACDF C3-7. Ms. Billiard has also undergone several MBB's at C4-C7, with the most recent one being performed on March 4, 2022. Going forward, I anticipate Ms. Billiard will continue to need the injections and the ACDF to treat her injuries." (*See attached Exhibit 2).*

10. Therefore, pursuant to the provisions of 28 USC 1441, this case can be removed to the United States District Court for the Western District of Louisiana as the amount in controversy is in excess of $75,000 based on the petition and representations and there is diversity between the parties. Article 893, Louisiana Code of Civil Procedure, requires that plaintiff indicate in the petition that the amount in controversy does not exceed $75,000.00. **Ditcharo v. United Parcel Service, Inc.,** 376 Fed. App. 432 (5th Cir. (La) 2010), states:

> Appellants further argue that the amount in controversy requirement was not satisfied because Appellants specifically limited their damages to less than $75,000 in their pleadings. "[I]f a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332's jurisdictional threshold, ... [t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount controversy does not exceed $75,000." FN5 *Grant,*

> 309 F.3d at 869 (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938))). Plaintiffs may attempt to establish such "legal certainty" by submitting a " 'binding stipulation or affidavit' " with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold. *See De Aguilar,* 47 F.3d at 1412 (quoting *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam)).

11.   Article 893, La. Code of Civil Procedure states in pertinent part the following:

> "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises **except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages,** or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate."

Plaintiff did not indicate the lack of federal jurisdiction in the petition; but has provided medical records and a stipulation/statement confirming the amount in controversy is in excess of $75,000.00 to satisfy the jurisdictional requirement herein.

RESPECTFULLY SUBMITTED:

**MARICLE & ASSOCIATES**

BY: /s/ Janice M. Reeves
**JANICE M. REEVES (#21237)**
#1 Sanctuary Blvd., Suite 202
Mandeville, LA  70471
Telephone:  (225) 924-9584
Facsimile:   (888) 341-8674

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been this date been forwarded to all counsel of record in this proceeding via United States Mail, facsimile and/or electronic mail, this 21st day of March, 2022.

BY: /s/ Janice M. Reeves
**JANICE M. REEVES**